■ In the Matter of HEWLETT DEVELOPERS, INC., Appellant, v. WARREN FRISINA, as Superintendent of Buildings of the Incorporated Village of Lynbrook et al., Respondents.— In a proceeding under article 78 of the former Civil Practice Act, to compel the Superintendent of Buildings of the Village of Lynbrook to issue a building permit for the erection of a multiple dwelling apartment house in accordance with building plans submitted June 16, 1960, the petitioner appeals from an order (described as a judgment) of the Supreme Court, Nassau County, entered May 23, 1962 upon the decision of the court after a nonjury trial, dismissing the petition. Order (or judgment) affirmed, without costs. (See *Matter of Hewlett Developers* v. *Frisina*, 20 A D 2d 820.) Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur. [35 Misc 2d 49.]

■ In the Matter of HEWLETT DEVELOPERS, INC., Respondent, v. WARREN FRISINA, as Superintendent of Buildings of the Incorporated Village of Lynbrook, Appellant.— In a proceeding under article 78 of the former Civil Practice Act, to compel the Superintendent of Buildings of the Village of Lynbrook to issue a building permit for the erection of a multiple dwelling apartment house in accordance with building plans previously submitted and rejected, the Superintendent appeals from an order of the Supreme Court, Nassau County, entered May 18, 1962 upon the decision of the court without a trial, which granted the petition and which directed the Superintendent to accept the petitioner's building plans and to issue a building permit

based on such plans. Order reversed on the law and the facts, without costs; and matter remitted to the Special Term for a hearing and further proceedings not inconsistent herewith. In June, 1960, petitioner submitted plans which were rejected. Petitioner thereupon commenced the proceeding in *Matter of Hewlett Developers* v. *Frisina* (decided herewith) to compel issuance of a building permit. That proceeding was tried in April, 1962. By decision of May 8, 1962, Special Term properly ruled that the submitted plans did not comply with the requirements of the village ordinance as to off-street parking, and the petition was dismissed. There was also ample proof, together with a stipulation, to establish that two stringent amendments to the zoning ordinance, which had been enacted subsequent to the filing of the building plans and application, were invalid for failure to comply with the procedural requirements of the Village Law. Shortly before and after the date of the said decision, petitioner attempted to file amended plans; and on May 14, 1962 it commenced this second proceeding, returnable May 18, 1962, to compel issuance of a permit on these amended plans. The petition alleged that the plans contained amended parking layout and that the village had published a proposed amendment to the zoning ordinance which by its terms would prohibit the proposed structure. Special Term granted the petition without conducting a hearing on the return day. The memorandum of the court states that the record in the prior proceeding was considered. In the absence of either the stipulation of the parties or the conditions such as set forth in section 348 of the former Civil Practice Act (see CPLR 4517), it was error to base a decision on the testimony and exhibits of the prior proceeding. It was also error not to have a hearing on the petition as well as on the affirmative defenses claiming defects in the amended plans. On the hearing to be had on the remission, the village, if so advised, may also adduce proof to show that the amendments to its zoning ordinance were properly adopted; and the petitioner, if so advised, may adduce proof that by reason of work performed, expenditures made and obligations incurred prior to the adoption of such amendments, it acquired a vested right to a building permit. (For companion appeal, see *Matter of Hewlett Developers* v. *Frisina*, 20 A D 2d 820.) Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.